UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DECORATION DESIGN
SOLUTIONS, INC.,

        Plaintiff,

v.

AMCOR RIGID PLASTICS USA, INC.
and AMCOR RIGID PLASTICS USA,
LLC,

        Defendants.

Case No. 2:20-cv-12980

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [20]**

The Court granted in part and denied in part Defendants' motion to dismiss the second amended complaint. ECF 18. In addition to dismissing two of Plaintiff's claims, the Court found "that the parties agreed to a limitation of damages not exceeding the purchase in the 2016 Price Quotation." *Id.* at 175. Plaintiff later moved, under Local Rule 7.1(h), for reconsideration of the Court's finding about the agreement to limit damages. ECF 20. After reviewing the motion and the briefing for the motion to dismiss, the Court will deny the motion for reconsideration.[1]

The Eastern District of Michigan recently amended Local Rule 7.1(h), which lays out the procedures and standards for motions for reconsideration. The standard for a motion to reconsider a final order is now different than the standard for a motion

---

[1] A response and oral argument are unnecessary. *See* E.D. Mich. L.R. 7.1(h)(3).

1

to reconsider a non-final order. *Id.* Because the order at issue in Plaintiff's motion for reconsideration did not dismiss all of Plaintiff's claims and the Court did not issue a judgment or otherwise close the case, the Court's order was not final. Now, "[m]otions for reconsideration of non-final orders are disfavored" and may only be granted on three grounds: (1) a mistake of the court "based on the record and law before the court at the time of its prior decision" if correcting the mistake would change the outcome of the prior decision; (2) "[a]n intervening change in controlling law warrants a different outcome"; or (3) "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." *Id.*

Here, Plaintiff does not allege that there was an intervening change in the law or that there are new facts. *See generally* ECF 20. Instead, Plaintiff argues that the Court inadvertently failed to address an argument in Plaintiff's response brief and that the mistake changed the outcome of the Court's finding on the limitation of damages. *Id.* at 189.

In response to the motion to dismiss, Plaintiff stated that the contract at issue had a limitation of damages provision that limited Plaintiff's remedies for breach of the express limited warranty to repair or replacement. ECF 14, PgID 139. According to Plaintiff, Defendants never fully repaired or replaced the product at issue. *Id.* Plaintiff argued that, under Michigan law, Defendants' failure to repair or replace the product meant that the remedy's essential purpose failed and thus rendered the remedy unenforceable. *Id.* Plaintiff further asserted that the unenforceability of the

2

repair or replacement remedy now allows Plaintiff to pursue compensatory, incidental, and consequential damages for the alleged breach of the express limited warranty. *Id.* at 139–40.

The commercial relationship between the parties was governed by a Terms and Conditions of Sale attached to both a 2015 Memorandum of Understanding and a 2016 Price Quotation. ECF 10, PgID 40, 42. The Terms and Conditions of Sale contained an express limited warranty: "Seller warrants for a period of ninety (90) days from delivery of the Products that the Products delivered hereunder meet the Specifications stated in the Agreement." ECF 10-3, PgID 82 ¶11(a). Plaintiff alleged that Defendants breached the express limited warranty. ECF 7, PgID 15.

But whether Defendants breached the express limited warranty is not the issue before the Court. Rather, the motion to dismiss requested that the Court determine, if a breach had occurred, the extent of liability permitted by the Terms and Conditions of Sale. ECF 10, PgID 48–52. And two provisions in the Terms and Conditions of Sale determine Defendants' liability. First, the parties included a provision titled 'Limitation of Remedies for Breach' that stated in relevant part:

> Buyer agrees that its sole and exclusive remedy against the Seller shall be limited to either repair or replacement of the Products or a refund of the purchase price for the defective Products only at Seller's option. This exclusive remedy shall not be deemed to have failed of its essential purpose so long as Seller is willing to repair or replace the defective Products.

ECF 10-3, PgID 82 ¶12. Second, the parties included a section titled 'Limitation of Damages' that stated in relevant part:

3

> The maximum liability, if any, of Seller for all damages . . . is limited to an amount not to exceed the purchase price of the products at issue in the claim.
>
> In no event shall Seller be liable to Buyer for any special, incidental, indirect, consequential, or punitive damages . . . .
>
> The parties acknowledge and agree that the Limitation of Damages provision set forth in this Paragraph 13 survives between Buyer and Seller even if the exclusive remedy set forth above is deemed to fail of its essential purpose.

*Id.* at ¶13 (cleaned up). In the Court's initial order, the Court found that the Terms and Conditions of Sale effectively limited Defendants' liability to the purchase price. ECF 18, PgID 175.

A close reading of Michigan case law and the contract reveals that the Court's initial finding was correct even though the Court concededly failed to address Plaintiff's argument. In the Terms and Conditions of Sale, the parties agreed that the laws of Michigan govern the contractual relationship. ECF 10-3, PgID 82 ¶18. Under Michigan case law, a "repair and replace remedy and the exclusion of consequential damages are integral and interdependent parts of the warranty and once [a] defendant [] is found to have breached its obligation to repair or replace, the provision excluding consequential damages will be deemed to have failed and the buyer may pursue" general U.C.C. remedies. *Kelynack v. Yamaha Motor Corp., USA*, 152 Mich.

4

App. 105, 115 (1986) (per curiam).[2] In that situation, the limited warranty's essential purpose fails when a seller breaches the obligation to repair or replace. *Id.* at 113. Simply put, under Michigan law "the failure of an exclusive remedy provision contained in a warranty renders the limitation of damages provision inoperable." *Id.* at 115.

Here, then, there are two issues. First, the Court must determine whether the 'Limitation of Remedies for Breach' provision's essential purpose failed. If so, the Court must also determine whether the 'Limitation of Remedies for Breach' provision is severable from the 'Limitation of Damages' provision or whether the 'Limitation of Damages' provision and a clause severing the two provisions are rendered inoperable.

I.   Essential Purpose

For the first issue, the Court must decide whether the 'Limitation of Remedies for Breach' provision provides for only a repair or replacement remedy. If the language concerning "refund of the purchase price" is effective, ECF 10-3, PgID 82 ¶12, then Defendants not repairing or replacing the defective products would not cause the provision's essential purpose to fail.

---

[2] Under the Michigan Court Rules, *Kelynack* is not considered binding precedent because the case was decided before November 1, 1990. *Horizon Lawn Maint., Inc. v. Columbus-Kenworth, Inc.*, 188 F. Supp. 3d 631, 636 (E.D. Mich. 2016) (Leitman, J.). But *Kelynack* still "warrant[s] careful consideration." *Id.* Because *Kelynack* is the most significant Michigan case on the issue, does not appear to have been overturned with respect to the repair or replacement exclusive remedy language, and has been cited approvingly by the Michigan Court of Appeals in recent years, *see Gomez v. Mercedes-Benz USA, LLC*, No. 335661, 2018 WL 987398, at *3 (Mich. Ct. App. Feb. 20, 2018) (per curiam), the Court will not quibble with *Kelynack*'s holding.

5

The provision's text states that a refund of the purchase price is within Defendants' sole discretion. *Id.* Under Michigan law, a contract is illusory if "one party gives as consideration a promise that is so insubstantial as to impose no obligation" because "[t]he insubstantial promise renders the agreement unenforceable." *Tobel v. AXA Equitable Life Ins. Co.*, No. 298129, 2012 WL 555801, at *4 (Mich. Ct. App. Feb. 21, 2012) (quotation omitted). Here, Defendants' promise to refund the purchase price is insubstantial because the promise imposes no obligation on Defendants: Defendants need not refund the purchase price unless they choose to do so. *Id.*; *see* ECF 10-3, PgID 82 ¶12. The provision also implies that a refund of the purchase price is illusory because of what must occur for the provision's essential purpose to fail. The provision states only that Defendants would have to fail to repair or replace any defective products, not that Defendants would also have to fail to refund Plaintiff. ECF 10-3, PgID 82 ¶12. The sole effective remedy in the provision is therefore the repair or replacement of goods. *Id.* If Defendants failed to repair or replace a defective product, then Defendants breached the provision and the 'Limitation of Damages' provision would be rendered "inoperable." *See Kelynack*, 152 Mich. App. at 115.

II. <u>Severability</u>

But a specific portion of the 'Limitation of Damages' paragraph states that if the essential purpose of the remedy is deemed to have failed, the limitation on damages provision still survives. ECF 10-3, PgID 82 ¶13(c). The Court must now decide the second issue: whether, under Michigan law, the language that severs the

6

'Limitation of Remedies for Breach' from the 'Limitation of Damages' saves the 'Limitation of Damages' provision or is also rendered inoperable.

The Michigan Court of Appeals, in the most significant statement of the law on the issue, held that a damages limitation "*provision*" is rendered "inoperable" and is deemed to have failed when an exclusive remedy provision fails. *See Kelynack*, 152 Mich. App. at 115 (emphasis added). Here, the clause severing the 'Limitation of Damages' from the 'Limitation of Remedies for Breach' states that "the Limitation of Damages *provision* set forth in this Paragraph 13 survives between Buyer and Seller even if the exclusive remedy set forth above is deemed to fail of its essential purpose." ECF 10-3, PgID 82 ¶13(c) (cleaned up) (emphasis added). Because the clause severing the 'Limitation of Damages' from the 'Limitation of Remedies for Breach' refers to "the Limitation of Damages *provision*," *id.* (emphasis added), the parties appear to have intended for the clause severing the two provisions to be separate from the 'Limitation of Damages' provision. As a result, the clause severing the two provisions is not rendered inoperable by the failure of the 'Limitation of Remedies for Breach' provision. The clause thus saves the 'Limitation of Damages' provision that otherwise would have been rendered inoperable if Defendants were found to have failed to repair or replace defective products.

Furthermore, the contract language shows that the express intent of the parties was to sever the two provisions and to limit damages to the purchase price. *See* ECF 10-3, PgID 82 ¶13. The Court will not rewrite the express words of the contracting parties when Michigan law does not require the Court to do so.

Simply put, the Court's inadvertent error to not address Plaintiff's response brief argument was not a mistake that would have changed the outcome of the Court's finding with respect to the limitation of damages. E.D. Mich. L.R. 7.1(h)(2)(A). The Court will therefore deny Plaintiff's motion for reconsideration.[3]

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for reconsideration [20] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 14, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 14, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

---

[3] A typographical error appeared in the opinion and order. The U.C.C. section cited on page seven of the opinion should be § 2-719(1). ECF 18, PgID 174. The Michigan statute cited on the same page should be Mich. Comp. Laws § 440.2719(1). ECF 18, PgID 174.